## Spahr v. Delcorse.

*Statement in trespass—Sufficiency of averment of negligence—Automobile collision.*

1. General averments of negligence are insufficient in an action to recover damages for injury to plaintiff's automobile by colliding with the defendant's truck.

2. In such case, it is insufficient to merely aver that the defendant's truck was operated in a careless, improper and negligent manner, without specifying of what the negligence consisted.

Rule to strike off plaintiff's statement. C. P. Lancaster Co., June T., 1926, No. 103.

*Charles W. Eaby*, for rule; *Daniel B. Strickler*, contra.

LANDIS, P. J., Sept. 25, 1926.—The plaintiff's statement avers that on the night of May 12, 1926, he was lawfully in and upon the highway connecting Mechanicsburg with the Old Philadelphia Pike, and that he was lawfully driving his Ford automobile in and upon said highway; that a Ford truck, operated by the defendant, came into contact with his automobile and injured it. It is alleged that the defendant's truck, at the time of the collision, was operated in a careless, improper and negligent manner, and ran into and collided with great force and violence with the plaintiff's car, causing injury to it to the amount of $155.52. The allegations of the defendant are that the statement does not comply with the Practice Act, because it only states a legal conclusion and does not set forth any specific act of negligence upon which the plaintiff relies.

We are of the opinion that the point is well taken. It has been decided in many cases in various Common Pleas Courts that general averments of negligence are insufficient and do not conform to the requirements of the Practice Act. In our own case of Mellinger v. Conestoga Trac. Co., 39 Lanc. Law Rev. 443, it was decided that "general averments of negligence are insufficient in an action to recover damages to the plaintiff's automobile by being struck by a trolley car," and that "a statement is insufficient and will be stricken off which avers that the defendant was careless or reckless or negligent in operating its car, without setting forth specifically of what negligence the defendant was guilty." This case seems to exactly cover the one now before us. The rule to strike off the statement is, therefore, made absolute.

Rule made absolute.        From George Ross Eshleman, Lancaster, Pa.